UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BURTON,                                      Case No. 11-14107

        Plaintiff,                            District Judge Patrick J. Duggan

v.                                                Magistrate Judge R. Steven Whalen

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On June 25, 2012, Defendant Greyhound Lines, Inc. ("Greyhound") filed a motion for an order requiring the authorized representative of Silver Pine Imaging ("Silver Pine") to show cause why he/she should not be held in contempt of court for non-compliance with Defendant's subpoena [Doc. #51]. On July 11, 2012, I entered an order directing the authorized representative of Silver Pine to appear personally before me on August 7, 2012. No one from Silver Pine showed up. Therefore, pursuant to 28 U.S.C. § 636(e)(6)(B), I certify the following facts, and recommend that the representative of Silver Pine be ordered to appear, at a date certain, before the District Judge to show cause why an order of civil contempt should not be entered against him/her.

### I.   CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGES ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as

-1-

follows:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–Defendant's failure to comply with a subpoena–would constitute a civil contempt; therefore, I must proceed under the above section. The accepted procedure is to certify the facts supporting a finding of contempt within the context of a Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *See Holmes v. City of Massillon, Ohio*, 78 F.3d 1041,1045 (6th Cir. 1996).

## II.   CERTIFICATION OF FACTS

(1) Defendant Greyhound served Silver Pine with a subpoena to testify at a deposition on May 25, 2012. Silver Pine was also directed to bring certain documents.

(2) At no time did Silver Pine object to the subpoena pursuant to Fed.R.Civ.P. 45(c)(2)(B).

(3) On the day of the deposition, one Jody Burkert, representing herself as an authorized representative of Silver Pine, telephoned Defendant's counsel and asked for an adjournment of the deposition until June 1, 2012.

(4) On June 1, 2012, no one from Silver Pine appeared, but instead one Sarah

Hartman, an employee of Michigan Billing Service, appeared. The document production was incomplete, and Ms. Hartman conceded that she had no relationship to this case or to the subpoena to Silver Pine Imaging.

(5) On July 11, 2012, I entered an Order directing the authorized representative of Silver Pine to appear personally before me on August 7, 2012. The Order [Doc. #53] provided as follows:

> This Order requires the appearance of a representative of Silver Pine, not Michigan Billing Service. Silver Pine's Business Manager's or Authorized Representative's failure to appear as directed will result in a recommendation that the Business Manager and/or the Authorized Representative, as well as Silver Pine Imaging, be adjudged in contempt of this Court, subject to penalties that may include monetary sanctions, incarceration, or both.

(6) The Court mailed a copy of the Order to Silver Pine. In addition, the Order directed Greyhound to serve Silver Pine with a copy by both certified mail (return receipt requested) and first-class mail.

(7) The show cause hearing was held on August 7, 2012. At the hearing, counsel for Greyhound provided a return receipt showing that a Silver Pine representative accepted a copy of the July 11th order by certified mail on July 17, 2012. The signature appears to read "Sarah Janise." No representative of Silver Pine appeared at the August 7th show cause hearing.

### III.   ANALYSIS

In order to hold a defendant or non-party in contempt the movant must produce clear and convincing evidence that the defendant or non-party violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that defendant or non-party did so with knowledge of the Court's order. *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW, et. al. v. Gary's*

*Electric Service Co.,* 340 F.3d 373, 379 (6th Cir.2003). As shown by the above Certification of Facts, Greyhound has satisfied that requirement. Having done so, the burden shifts to Silver Pine and the Silver Pine representative to present evidence showing an inability to comply with the court's Order. *United States v. Rylander, supra.* To date, Respondent has been noncompliant not only with Greyhound's subpoena, but the July 11, 2012 Order of this Court.

Greyhound has also requested an award of attorney fees and costs associated with bringing this action. Attorney fees may be awarded in civil contempt actions. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 477 (1911); *Redken Lab, Inc. v. Levin,* 843 F.2d 226, 230 (6th Cir. 1988). Given Silver Pine's intransigence, an award of reasonable attorney fees and costs is appropriate in this case.

## IV.   CONCLUSION

I recommend that an authorized representative of Silver Pine Imaging be ordered to appear, at a date certain, before the District Judge to show cause why an order of civil contempt should not be entered against him/her and Silver Pine. Unless the Silver Pine representative satisfactorily shows cause why he/she has disregarded Greyhound's subpoena and this Court's Order of July 11, 2012, I recommend that Silver Pine and its representative be found in civil contempt.

I further recommend that Silver Pine and its representative be assessed reasonable costs and attorney fees.

**Counsel for Defendant Greyhound will serve a copy of this Order on Silver Pine Imaging by both certified mail (return receipt requested) and regular first-class mail. The Court will also send a copy of this Order to Silver Pine Imaging by first-class mail.**

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 22, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 22, 2012.

| | |
|---|---|
| Business Manager or Authorized Representative<br>Silver Pine Imaging<br>20475 W 10 Mile Rd Ste 100<br>Southfield, MI 48075-6130 | s/Johnetta M. Curry-Williams<br>Case Manager |